UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELINITA THACKER,

    Plaintiff,

v.                                         Case No. 8:04-cv-520-T-26MSS

BUSCH ENTERTAINMENT
CORPORATION,

    Defendant.
_____/

## PRETRIAL ORDER

On May 3, 2005, the Undersigned held a Pretrial Conference for the above referenced proceeding. This case is currently set for the trial term commencing June 6, 2005. During the Pretrial Conference, Plaintiff's counsel, Mr. Kenneth Cooper, informed the Undersigned that the Plaintiff had dismissed him and other counsel, Mr. Clement Dean, via a letter faxed to their office on the evening of May 2, 2005. Mr. Cooper stated that he had not seen the letter and that he was unaware Plaintiff's reasons for the dismissal on the eve of trial. Mr. Cooper then made an *ore tenus* motion that Plaintiff be allowed to continue her case for ninety (90) days in order to secure new counsel. The Undersigned attempted to contact Plaintiff and have her appear *pro se* or advise the Court of her intent to secure counsel but was unsuccessful in reaching her. The Undersigned denied the motion for continuance without prejudice and acknowledged Mr. Cooper's reservations about proceeding and his intention to file a motion to Withdraw as Counsel. Notwithstanding, the Court

-1-

held the Pretrial Conference as scheduled. Pursuant to that conference, the Undersigned **ORDERS** as follows:

### General Provisions

1) The pretrial stipulation and this order will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

2) The parties estimate that three to four days will be needed to try the case.

3) The jury trial is scheduled for the trial term commencing June 6, 2005.

### Issues as to Witnesses

4) Plaintiff has no objections to Defendant's fact or expert witnesses at this time.

5) Defendant objected to Ms. Monique Troncone, a certified public accountant for whom there was never any Federal Rule of Civil 26 disclosure. Plaintiff's counsel stated that Ms. Troncone's income analysis and future lost wages report were provided to opposing counsel in discovery pursuant to Defendant's discovery request asking for all damages information. Defendant's counsel indicated that Ms. Troncone's documents did not amount to a report, but the documents received as part of discovery were piecemeal, consisting of charts and some other documents. Defendant's counsel further stated that it was not until April 2005, as part of the Pretrial Statement package, that counsel for Plaintiff officially designated Ms. Troncone as an expert and submitted an actual report. Plaintiff's counsel had no explanation why full Rule 26 Disclosure was not provided to Defendant in accordance with the Court's Case Management and Scheduling Order (Dkt. 5), which required expert disclosure on or before February 1, 2005. Based on Plaintiff's

counsel failure to comply with the discovery deadlines set forth in this Court's Case Management and Scheduling Order, and in the absence of any explanation for this failure, the Undersigned recommends that Ms. Troncone be rejected as an expert witness.

6) The parties witness lists designate several records custodians who could be called to authenticate exhibits. The parties indicated that they plan to work out a stipulation regarding authenticity, preserving any other objections for trial. Accordingly, none of the records custodians will likely be called to testify at trial.

## Motions in Limine

7) Defendant indicated that it will seek to limit the testimony of Plaintiff's treating physicians, Dr. Siddiqui, Dr. Leonard Strichman and Dr. Bruce Miller, to the disclosures made in their disclosed treatment notes. They have not been designated as expert witnesses pursuant to Rule 26 and have failed to provide any specific or detailed reports beyond treatment. I f these doctors plan to testify beyond what they have already disclosed, for example, by offering future prognoses, Defendant asks that they not be allowed to do so. Plaintiff's counsel indicated that the doctors would be offering their opinions a s P laintiff's treating physicians; however, Plaintiff's counsel also indicated that the doctors may attempt to give testimony as to future prognoses and that this intention had been made clear to Defendant's counsel in correspondence. The Undersigned discouraged Defendant from filing a Motion in Limine on this issue, preserving the issue for trial. The Undersigned also noted that

Plaintiff should be prepared to explain at trial why testimony beyond the disclosed opinion should be allowed.

### Issues as to Exhibits

8) The parties indicated that there were no disputes regarding proposed exhibits.

### Demonstratives and Enlargements

9) Plaintiff stated that she does not currently intend to present evidence through enlargement or technology.

10) Defendant requested that an ELMO be present in the Courtroom in order to allow Defendant to enlarge certain evidence.

### Pending Motions

11) The parties indicated that there were no pending motions. Since the Pretrial Conference, Plaintiff's counsel has filed a Motion to Appear by Telephone (Dkt.36) and a Motion to Withdraw as Counsel (Dkt. 36).

### Videotape Depositions

12) Based on the vacation schedules of two of Defendant's witnesses, Dr. Steven J. Tresser and Mr. John Kladakis, Defendant's counsel made an *ore tenus* motion that the Court allow their testimony to be preserved *de bene esse*, or, depending on the trial date, that Defendant's counsel be allowed to call these witnesses out of order. Plaintiff's counsel indicated that were he to remain counsel of record he would normally stipulate to video depositions in order to preserve evidence for trial, subject to his availability.

13) The Undersigned granted Defendant's *ore tenus* motion as to videotaped depositions, subject to Plaintiff's counsel's availability. The depositions may be taken based on Plaintiff's counsel's convenience at anytime prior to trial, except for the week before trial. The depositions may be taken by telephone or in person. Defendant shall bear all transportation costs related to the taking of these depositions. **In light of the Motion to Withdraw and the impending trial date, the issue may need to be readdressed by the District Judge.**

**DONE** and **ORDERED** in Tampa, Florida this 10th day of May 2005.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff: Elinita Thacker